UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. ALexander ACOSTA,<br>Secretary of Labor, United States Department of Labor,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ROBBINS, SALOMON & PATT, LTD.,<br><br>　　　　　Respondent. | Case Number: 19-cv-518 |

**SECRETARY'S PETITION TO ENFORCE**
**ADMINISTRATIVE SUBPOENA *DUCES TECUM***

Petitioner **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor ("Secretary"), hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Petition is brought to compel Respondent, Robbins, Salomon & Patt, Ltd., ("Respondent" or "Law Firm") to comply with an Administrative Subpoena *Duces Tecum* issued by the Regional Director of the Chicago Regional Office of the Employment Benefits Security Administration ("EBSA") of the United States Department of Labor in an investigation conducted pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134.

2. This Court has subject matter jurisdiction over this Petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§ 49 and 50, as made applicable to ERISA by Sections 504(c) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1134(c) & 1132(e)(1).

3. On April 16, 2018, EBSA began conducting an investigation of the United Employee Benefit Fund Trust Agreement ("Fund") (Exhibit 1 at ¶ 3; Exhibit 1, attached hereto

1

and made a part hereof is a Declaration of EBSA Investigator Liliana Martin In Support of Secretary's Petition to Enforce Administrative Subpoena *Duces Tecum* ("Ex. 1")).

4. Respondent particularly attorney L. Steven Platt, is designated as "Fund Counsel" for the Fund, a death benefit employee benefit plan under ERISA §§ 3(3) and 4(a)(3), 29 U.S.C. §§ 1002(3) and 1003(a)(3), which is the subject of an EBSA investigation pursuant to ERISA § 504(a), 29 U.S.C. § 1134(a). (Ex. 1 at ¶ 4).

5. Robbins, Salomon & Patt, Ltd. is located at 180 N. LaSalle Blvd, Suite 3300, Chicago, Illinois 60601.

6. The Fund is administered by David Fensler at One Northfield Plaza, Suite 100, Northfield, Illinois 60093. (*Id.* at ¶ 4).

7. Venue lies in the Northern District of Illinois, Eastern Division, pursuant to 15 U.S.C. § 49 and 28 U.S.C. § 1391(b)(1) because Robbins, Salomon & Patt, Ltd. is located in Chicago, Cook County, Illinois, within this district. Moreover, the Fund, which is the subject of EBSA's investigation, is administered in Northfield, Cook County, Illinois, within this district.

## THE INVESTIGATION AND SUBPOENA

8. From April 16, 2018, through the present, EBSA has been conducting an investigation of the Fund under ERISA § 504(a)(1), 29 U.S.C. § 1134(a)(1), to determine whether any fiduciary has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder. (*Id.* at ¶ 3).

9. In the course of its investigation, EBSA determined that obtaining certain information from Respondent was essential to determine whether any ERISA violations occurred or were about to occur regarding the administration and management of the Fund. (*Id.* at ¶ 6).

10. On September 26, 2018, Jeffrey A. Monhart, Chicago Regional Director of EBSA, pursuant to authority vested by ERISA § 504(c), 29 U.S.C. § 1134(c), issued an Administrative Subpoena *Duces Tecum* ("Subpoena") directed to Respondent. (*Id.* at ¶ 7; Exhibit 2, attached hereto and made a part hereof).

11. On September 26, 2018, EBSA Investigator Liliana Martin ("Investigator Martin") mailed the Subpoena via Certified Mail to Robbins, Salomon & Patt, Ltd., Attn: Richard Gayle, 180 North LaSalle Boulevard, Ste. 3300, Chicago, IL 60601. (*Id.* at ¶ 8); Exhibit 3, attached hereto and made a part hereof).

12. On October 1, 2018, Respondent received the Subpoena as reflected on the United States Postal Service ("USPS") Certified Mail receipt. (Ex. 1 at ¶ 9; Exhibit 4, attached hereto and made a part hereof).

13. The Subpoena required production of responsive documents no later than October 11, 2018. (Ex. 1 at ¶ 10 Ex. 2 at 1, 3).

**RESPONDENT'S FAILURE TO FULLY COMPLY WITH SUBPOENA**

14. On October 3, 2018, Fund Counsel L. Steven Platt ("Fund Counsel Platt") emailed a letter to Investigator Martin stating he was in receipt of the Subpoena and that the Law Firm would fully comply with the Subpoena. In the letter, Fund Counsel Platt requested a 30-day extension of time to produce the requested documents. (Ex. 1 at ¶ 11; Exhibit 5, attached hereto and made a part hereof).

15. On October 4, 2018, Investigator Martin granted a two-week extension of time to respond to the Subpoena, until October 25, 2018. (Ex. 1 at ¶ 12; Exhibit 6, attached hereto and made a part hereof).

16. On October 10, 2018, Senior Investigator David Rainey ("Investigator Rainey") received an email from Fund Counsel Platt setting forth his position that the information requested in the Subpoena was covered by the attorney-client privilege or will otherwise be provided through Fund records. Investigator Rainey informed Fund Counsel Platt that Investigator Martin was the point of contact on the subpoena. (Ex. 1 at ¶13; Exhibit 7 attached hereto and made a part hereof).

17. On October 26, 2018, Fund Counsel Platt emailed Investigator Rainey stating, "Attached is our response." Investigator Rainey forwarded the response to Investigator Martin. The unsigned response to the Subpoena included 13 documents, and a letter, in which Fund Counsel Platt stated that he is also counsel to the Law Firm with respect to the Subpoena. The response letter invoked both the attorney-client privilege and the "critical self-analysis privilege" for the vast majority of the requested documents. Specifically, the Law Firm asserted an attorney-client privilege to Requests No. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, and 15. In addition, the Law Firm asserted a "critical self-analysis privilege" in response to Requests No. 9 and 10. (Ex. 1 at ¶ 14; Exhibit 8 attached hereto and made a part hereof).

18. The response to the Subpoena did not contain a privilege log whereby EBSA could assess Respondent's privilege claims. A privilege log was requested in the instructions to the subpoena. (Ex. 2 at 3, Ex. 8)

19. On November 6, 2018, the U.S. Department of Labor, Office of the Solicitor ("Solicitor's Office") sent by email and U.S. mail a letter to Fund Counsel Platt with respect to the Subpoena response of the Law Firm dated October 26, 2018. In the letter, the Solicitor's Office stated that the Law Firm's "assertion of the attorney-client privilege and 'critical self-analysis privilege' is overbroad and improper." The letter explains that most of the requested

documents were not privileged communications, and even if the documents were privileged the fiduciary exception to the attorney-client privilege would apply. *Bland v. Fiatallis N. Amer. Inc.*, 401 F.3d 779. 787 (7th Cir. 2005); *see also United States v. Evans*, 796 F.2d 264 (9th Cir. 1986); *Krase v. Life Insurance Co. of North America*, 962 F. Supp. 2d 1033 (N.D. Ill. 2013); *Donovan v. Fitzsimmons*, 90 F.R.D. 583 (N.D. Ill. 1981). The letter explained that the fiduciary exception allows EBSA to stand in the shoes of Fund beneficiaries. *See U.S. v. Doe*, 162 F.3d 554 (9th Cir. 1998). Moreover, the letter pointed out that the "critical self-analysis privilege" is not recognized in this jurisdiction. *Lundv. City of Rockford*, 2017 WL 5891186 (N.D. Ill. Nov. 28, 2017) (refusing to recognize a critical self-analysis privilege and noted that the Seventh Circuit has not recognized the privilege). The letter requested the documents and/or a privilege log be produced by November 15, 2018. (Ex. 1 at ¶ 15; Exhibit 9, attached hereto and made a part hereof).

20. On November 6, 2018, Fund Counsel Platt sent an email to the Solicitor's Office, stating, "If you wish a proper response to your letter, we will require more than until November 15th to respond. We request a 30-day extension of time with which to respond. We would like until December 15 to respond to your request." (Ex. 1 at ¶ 16; Exhibit 10, attached hereto and made a part hereof).

21. On November 6, 2018, the Solicitor's Office granted an extension of time to respond to the Subpoena until November 30, 2018. (Ex. 1 at ¶ 17; Exhibit 11, attached hereto and made a part hereof).

22. On November 7, 2018, Fund Counsel Platt sent a formal letter to the Solicitor's Office requesting an extension to December 15, 2018, to respond to the Subpoena, however an extension to November 30, 2018 had already been granted. (Ex. 1 at ¶ 18; Ex.11; Exhibit 12, attached hereto and made a part hereof).

23. On November 9, 2018, the Solicitor's Office emailed a letter to Fund Counsel Platt, again explaining the Secretary's position that most of the requested documents would not be considered privileged or the fiduciary exception would apply. The letter reiterated that an extension of time was granted until November 30, 2018 to respond to the Subpoena. (Ex. 1 at ¶ 19; Exhibit 13, attached hereto and made a part hereof).

24. On November 30, 2018, Fund Counsel Platt emailed Investigator Rainey to notify him that the Law Firm cannot finish compliance to the Subpoena by the close of business day. This email was forwarded to Investigator Martin. (Ex. 1 at ¶ 20; Exhibit 14, attached hereto and made a part hereof).

25. On December 3, 2018, Senior Trial Attorney Margaret Sewell called Fund Counsel Platt to discuss the Subpoena as well as an outstanding Subpoena to the Fund. During that telephone conversation, Fund Counsel Platt stated he needed an extension until the end of that week to comply with the Subpoena. Ms. Sewell granted this request and confirmed this extension to Fund Counsel Platt by email on that same date. (Ex. 1 at ¶ 20; Exhibit 15, attached hereto and made a part hereof).

26. On December 7, 2018, the Solicitor's Office emailed Fund Counsel Platt informing him where to send the Subpoena response and stating they were looking forward to the receipt of the documents that day. (Ex. 1 at ¶ 22; Exhibit 16, attached hereto and made a part hereof).

27. Later that day, Fund Counsel Platt emailed the Solicitor's Office and stated "Won't be able to get our supplemental response in today – we have an office party scheduled to start at 3 pm – so I am out of the box for the rest of the day – we need an additional two weeks to

respond as next week is jammed." (Ex. 1 at ¶ 23; Exhibit 17, attached hereto and made a part hereof).

28. On December 11, 2018, the Solicitor's Office emailed Fund Counsel Platt stating that Fund Counsel Platt "failed to comply with the December 7, 2018 deadline for the subpoena to Robbins, Solomon & Patt." As there were two outstanding Subpoenas previously discussed with Fund Counsel Platt (one to Respondent and one to the Fund itself), the email sought clarification as to which Subpoena he was requesting an extension. (Ex. 1 at ¶ 24; Exhibit 18, attached hereto and made a part hereof).

29. On December 12, 2018, Fund Counsel Platt requested an additional two-week extension, but did not clarify for which Subpoena. On December 13, 2018, the Solicitor's Office sent an email to Fund Counsel Platt granting an extension of time for both Subpoenas until December 20, 2018. This email further explained that no further extensions of time would be granted. Also attached to this email was an administrative Subpoena for a deposition to be held on January 8, 2019. (Ex. 1 at ¶ 25, 26; Exhibit 19, attached hereto and made a part hereof).

30. Fund Counsel Platt accepted service of the administrative Subpoena for the administrative deposition, which demonstrates that he received the email, but made no further comment on the extension of time to respond to the Subpoena to Respondent (Ex. 1 at ¶ 27; Exhibit 20, attached hereto and made a part hereof).

31. To date, Respondent has failed to produce any further documents or a privilege log in response to the Subpoena.[1] October 26, 2018, was the last date on which the Law Firm produced any documents to EBSA in response to the Subpoena. (Ex. 1 at ¶ 28).

---

[1] On January 24, 2019, Fund Counsel Platt sent a letter to the Solicitor's Office standing on his previous objections to the Subpoena—objections that the Solicitor's Office previously addressed in correspondence dated November 6, 2018, and November 9, 2018. Fund Counsel Platt stated Respondent has nothing further to provide in response to the Subpoena that are not privileged communications. No privilege log was included with the letter.

32.     Despite the efforts to obtain Respondent's full compliance with the Subpoena, Respondent has failed to produce all responsive documents and/or a privilege log with respect to Requests No. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13.

## PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays that this Court enter an order requiring Respondent **ROBBINS, SALOMON & PATT, LTD.** to appear on a date certain to show cause, if any there be, why its representative should not appear before the designated EBSA representative at such time and place as the Secretary or the Court may set, then and there to produce such designated documents and records as required by the Subpoena; and that the Petitioner have such other and further relief as may be necessary and appropriate.

Dated:  January 25, 2018

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Margaret A. Sewell
**MARGARET A. SEWELL**

/s/Kevin M. Wilemon
**KEVIN M. WILEMON**

/s/ Jing Zhang
**JING ZHANG**

P.O. Address:
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
Telephone:  (312) 353-3481
Fax: (312) 353-5698
E-mail: sewell.margaret@dol.gov
        wilemon.kevin@dol.gov
        zhang.jing@dol.gov

Attorneys for R. Alexander Acosta,
Secretary of Labor,
United States Department of Labor,
Petitioner

8